Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0205 | **DATE** | 2-20-13 |
| **CASE TITLE** | Carl Leon Johnson (#R-64976) v. Daniel Artl, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted a motion to proceed *in forma pauperis* [#3]. The motion is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $11.25 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Lawrence Correctional Center. However, Charles Best and Berneita Barnes are dismissed as Defendants. The Clerk is directed to issue summonses for Defendants Artl, Arndt, and Campos, and the United States Marshals Service is appointed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order.

■ [For further details see text below.]

*Suzanne B. Conlon*

Docketing to mail notices.

## STATEMENT

Plaintiff has submitted a complaint pursuant to 42 U.S.C. § 1983, alleging that on September 12, 2012, he was subjected to excessive force by Defendants Artl while Defendants Arndt and Campos failed to intervene. More specifically, Plaintiff alleges that when Artl found a pen that Plaintiff was given by another inmate, Artl lifted him by his wrists when they were handcuffed behind Plaintiff's back, shoved him into a concrete wall, face first, several times, resulting in severe pain injury to Plaintiff's eye, requiring stitches. While Artl allegedly attacked Plaintiff, Defendants Arndt and Campos stood by laughing and failed to intervene. Plaintiff also alleges that Defendant Artl insulted him, using racial epithets. With regard to Defendants Best and Barnes, Plaintiff alleges he was denied due process at his adjustment committee hearing for the ticket he received for the incident with Artl, Arndt and Campos. Specifically, he alleges he was denied the ability to call witnesses or submit a written defense statement. Plaintiff was found guilty of the underlying infraction. Plaintiff also alleges retaliation.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.33. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act as to Defendant Artl for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). Plaintiff has also stated a cause of
**(CONTINUED)**

AWL

# STATEMENT

action against Defendants Arndt and Campos for failure to protect. *Smith v. Boyle*, Case No. 02 C 2788, 2004 U.S. Dist. LEXIS 19668, *6, (N.D. Ill. 2004) (Andersen, J.); citing *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972). While a more fully developed record may belie the Plaintiff's allegations, Defendants must respond to the complaint. However, with respect to Defendants Best and Barnes, Plaintiff has failed to state a claim. Plaintiff alleges that Defendants Best and Barnes violated his procedural due process rights when they denied him the right to call witnesses and submit a written defense at his adjustment committee hearing. However, Plaintiff's due process claim against Defendants Best and Barnes cannot be brought in a civil rights action until the underlying disciplinary conviction is invalidated or overturned because a judgment in his favor would imply the invalidity of the conviction. *See Edwards v. Balisok*, 520 U.S. 641, 644-46 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Stone-Bey v. Barnes*, 120 F.3d 718, 721 (7th Cir. 1997). Additionally, Plaintiff cannot sue under § 1983, as his sole federal remedy lies in a writ of habeas corpus pursuant to § 2254. *See Preiser v. Rodriguez* 411 U.S. 475, 500 (1973), *see also Clayton-El v. Fisher*, 96 F.3d 236, 244 (7th Cir. 1996). Thus, Plaintiff's claims against Defendants Best and Barnes fail, and they are dismissed as Defendants.

    Additionally, Plaintiff also alleges violation of his rights due to Defendant Artl using racially charged and insulting language. However, verbal harassment and name calling do not violate the constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Accordingly, this claim fails.

    Finally, Count III of Plaintiff's claim alleges retaliation. However, the retaliation claimed is the force that is the basis of Plaintiff's excessive force claim that the Court has determined is sufficient to proceed. "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). The protected activity complained of is the grievance Plaintiff filed regarding the alleged excessive force used by Defendant Artl on September 12, 2012. As the grievance was filed *after* the force used, the chronology cannot plausibly support a claim of retaliation.

    The Clerk shall issue summonses forthwith to Defendants Artl, Arndt, and Campos (hereinafter, "Defendants"), and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

    The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If Defendants can no longer be found at the work address provided by Plaintiff, the Rock Falls Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

*Suzanne B. Conlon* (signature)